SMITH *v.* RANKIN COUNTY.

In Banc. April 10, 1950.

No. 37449 (45 So. (2d) 592)

**Ernest Shelton,** for appellant.

**J. C. Murray,** for appellee.

**McGehee, C. J.**

The statutory reward of $100, as provided for under Section 2482, Code of 1942, was allowed to the appellant W. W. Smith by an order of the Circuit Court of Rankin County for the arrest and delivery of Charlie Scott, who had shot and killed L. C. Mattock, in said county, and who had fled therefrom and was still fleeing when he was arrested on the state highway in Carroll County by the appellant.

The appellant filed his claim in due form based upon the said order of the Circuit Court, before the Board of Supervisors of the County. The Board rejected the claim, and when the cause again reached the Circuit Court there was alleged by the plaintiff in his declaration all the essential facts that would entitle him to a judgment against the county for such reward. The county, however, filed a general issue plea and also a special plea to the effect that in any event plaintiff should not recover because at the time of the arrest by the plaintiff of Charlie Scott, a fleeing homicide, and at all times mentioned in the declaration, the plaintiff was a duly appointed and acting highway patrolman of the State of Mississippi, employed under the provisions of Section 8079 of the Code of 1942, and was on duty as such and was wearing the uniform and badge of a patrolman and was riding in an automobile belonging to the state, and operated at the expense of the state, in the performance of his duties, and that upon the arrest of the fleeing homicide he was transported in said automobile to where he was delivered up to the sheriff of Rankin County for trial; and that the jurisdiction of the said highway patrolman was co-extensive with the boundaries of the State, and that it

would be contrary to law and public policy to permit him to recover the statutory reward. The special plea was sustained by the Circuit Court for the reasons stated therein, without the taking of any proof, since the facts alleged in the plea were disclosed in the declaration filed by the plaintiff.

 Section 8079, Code of 1942, supra, and Section 8082 thereof define the powers and duties of the members of the Highway Safety Patrol. It is their duty "to enforce all of the traffic laws, rules and regulations of the state of Mississippi upon all highways of the state highway system and the rights-of-way of such highways; provided, however, that if any person commits an offense upon the state highway system and be pursued by a member of the highway safety patrol, such patrolman may pursue and apprehend such offender upon any of the highways and public roads of this state or to any other place such offender may flee." They are further authorized "to arrest without warrant any person or persons committing or attempting to commit any misdemeanor, felony or breach of the peace within their presence or view on any highways of the state highway system . . ." And with the approval of the Commissioner and the Governor, they are "to aid and assist any peace officer of this state, or any other state, in the capture of any fugitive from justice using any of the highway or public roads of this state in an attempt to effect an escape."

No violation of the traffic laws, rules and regulations are involved in the instant case. Nor was any misdemeanor, felony or other breach of the peace committed on the highway within the presence of this patrolman. Moreover, there is nothing to indicate that he was acting at the instance of or with the approval of the commissioner and the Governor in trying to aid and assist any peace officer in the capture of a fugitive from justice on the highway. None of the many other provisions of these statutes which relate to the duties and privileges

of highway patrolmen are in our opinion applicable to the facts of this case.

While it has been repeatedly held by this Court that highway patrolmen are not peace officers within the sense that sheriffs, constables and policemen are such to enforce the general laws of the state, but act within the limited sphere of the authority granted them under the statutes above mentioned, it is to be noted that under Section 2483, Code of 1942, the legislature has declared the public policy of the state to be that even sheriffs or other officers who shall arrest a fleeing homicide, or one who is attempting to flee, shall be entitled to this statutory reward the same as other persons, provided the killing is not done in the county in which the officer making the arrest resides.

██ ██ In the instant case the plaintiff, not being a peace officer, had the same authority that a private citizen would have had under the same circumstances, and no more; and would, therefore, be entitled to receive the statutory reward the same as if he had been a private citizen and had made the arrest and delivery of the prisoner under the circumstances provided for by Section 2482, Code of 1942.

We are, therefore, of the opinion that the special plea should not have been sustained, but that the plaintiff should have been permitted to prove the allegations of his declaration, in which event he would have been entitled to recover the reward. However, under the plea of the general issue the defendant would have been entitled to defeat a recovery by disproving the facts alleged in the declaration. The facts are not admitted as long as the general issue plea remains undisposed of.

Reversed and remanded.

**Lee, J.**, took no part in this decision.